IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BILLY REAGINS, individually, and on behalf of all others similarly situated, </br></br>Plaintiff,</br></br>v.</br></br>MARC JONES CONSTRUCTION, LLC d/b/a SUNPRO SOLAR,</br></br>Serve Registered agent at:</br>C T Corporation System</br>1999 Bryan Street, Suite 900</br>Dallas, Texas 75201</br></br>Defendant. | Case No.: 4:22-cv-1186</br></br>**Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Billy Reagins, individually, and on behalf of all others similarly situated, and for her Class Action Complaint against Defendant Marc Jones Construction, LLC d/b/a Sunpro Solar, states:

### BACKGROUND, PARTIES, JURISDICTION AND VENUE

1. Plaintiff Billy Reagins ("Reagins") brings this case to protect the privacy rights of himself and a class of similarly situated people who were called on their phones by Defendant Marc Jones Construction, LLC d/b/a Sunpro Solar ("Sunpro"). Sunpro repeatedly called Reagins and the putative class members after specifically requesting that Sunpro stop calling them.

2. In the early 1990s, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3. The TCPA affords special protections for people who registered their cell phone numbers on the National Do Not Call Registry and who request that they be placed on a company's internal do not call list. Specifically, the TCPA provides that each person who receives more than one call on their cell phone after requesting to be placed on the company's internal do not call list is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

4. In the first three months of 2022 alone, approximately 12 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited April 5, 2022). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

5. Reagins is an individual who resides in and is a citizen of the State of Texas.

6. Reagins brings this action on behalf of herself and all others similarly situated.

7. Sunpro is a Louisiana Limited Liability Company who is registered in the State of Texas to transact business in this State. Sunpro has been in good standing to transact business at all times relevant to this Complaint.

8. Sunpro transacts business in Texas and throughout the United States.

9. This Court has personal jurisdiction over Sunpro because it solicits business in the State of Texas, conducts business in the State of Texas, and Sunpro otherwise has sufficient

minimum contacts with the State of Texas, and such contacts are continuous and systematic.

10. Sunpro describes itself as being "one of the leading providers of rooftop solar in the United States."

11. Sunpro markets its products and services under the brand "ADT Solar," in part, through placing telephone calls to prospective customers' phones.

12. Sunpro markets its products and services to persons who have not requested to be called, and to persons who have specifically told Sunpro to stop calling them.

13. Numerous customers have complained to the Better Business Bureau about receiving telemarketing calls from Sunpro after telling Sunpro to stop the calls. These complaints, include, but are not limited to:

- "This company has been calling me from multiple numbers several times a day for months. They will not stop. I have never done business with them. I have asked them to stop. They won't. Every time I block one of their numbers, they spoof a different number. As this point it is harassment."

- "I keep on getting marketing calls all hours of the morning installing sun pro solar on my house, they know my name and address and call and text me all day long even after I've told them several times I'm not interested."

- "My complaint against Sunpro is about unsolicited phone calls. Sunpro has somehow gotten my phone number and has called me 3 to 4 times a day. I have told them that I do not own a home and to stop calling because this does not apply to me but the calls keep coming."

- "They will not stop calling me, they call multiple times a day. I have asked politely several times to be taken off their list. I have had enough, they obviously have refused to stop calling. I am NOT interested in solar power & if I was it definitely won't be from Sunpro Solar. Next time they call me, my lawyer will call them back."[1]

14. Other consumers have made similar complaints on other forums:

- "OK the spamming by this company has resumed. I would not do business with a

---

[1] Better Business Bureau – Sunpro Solar, https://www.bbb.org/us/la/mandeville/profile/solar-energy-design/sunpro-solar-0985-90006391/complaints (last visited April 5, 2022).

company that abuses potential customers with calls all hours of the day!! I have repeatedly asked them to put my number on their do not call list, they say they have and the calls continue!! Sunpro Solar calls my phone all hours of the day and weekend. Each time I block their number, they call from another number. I have told them more than once not to call me."[2]

15. Reagins, like many of the persons who complained to the BBB and other forums, also received multiple phone calls from Sunpro after expressly requesting that Sunpro stop calling him.

16. Sunpro would also call Reagins multiple times a day from different phone numbers.

17. Reagins is the owner of a phone. His phone number is 832-XXX-3288.

18. Reagins phone is a residential line and is not a business line.

19. Reagins did not provide his phone number to be called by Sunpro.

20. Reagins has no prior business relationship with Sunpro.

21. Reagins never inquired of Sunpro about any products or services before or at the time he received the calls at issue.

22. Reagins did not grant Sunpro consent to be called on his phone.

23. In 2021, Reagins received a call on phone from Sunpro. Reagins advised the Sunpro representative that he did not want to be contacted against by Sunpro.

24. Reagins, however, continued to receive calls from Sunpro.

25. Reagins answered multiple calls from Sunpro and advised representatives from Sunpro on multiple times to stop calling his phone.

26. Reagins received at least 100 calls on his phone from Sunpro for months after requesting that Sunpro stop calling his phone.

27. As one example, on or about April 1, 2022, Reagins received a call on his phone.

---

[2] https://www.facebook.com/sunprosolaratlanta/reviews/ (last visited April 6, 2022).

The caller ID identified the caller as "Sunpro Solar" and the phone number from which the call originated as 346-443-6252.

28. Upon calling back the phone number 346-442-6252, the caller is greeted with a recording that states "Thank you for calling ADT Solar." After the recording is completed, a live representative then answers the phone and identifies themselves as being a representative of "ADT Solar."

29. As another example, on or about April 2, 2022, Reagins received a call on his phone. The caller ID identified the caller as "Sunpro Solar."

30. On or about April 3, 2022, Reagins received a call on his phone. The caller ID identified the caller as "Sunpro Solar" and the phone number from which the call originated as 346-359-8740.

31. Upon calling back the phone number 346-359-8740, the caller is greeted with a recording that states "Thank you for calling ADT Solar." After the recording is completed, a live representative then answers the phone and identifies themselves as being a representative of "ADT Solar."

32. Sunpro's conduct violated the privacy rights of Reagins and the putative class members, as they were subjected to annoying and harassing calls. Sunpro's calls intruded upon the rights of Reagins and the putative class members to be free from invasion of their interest in seclusion.

33. Sunpro's conduct caused Reagins and the putative class members to waste time addressing and/or otherwise responding to the unwanted calls.

34. On information and belief, Sunpro placed calls to Reagins and the putative class members for the purpose of selling its products and services.

## Class Allegations

35. Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), Reagins brings this lawsuit as a class action on behalf of himself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

36. Reagins seeks to represent the following class:

> All persons in the United States who from four years prior to the filing of this action through class certification: (1) Sunpro called more than one time, (2) within any 12-month period, (3) marketing its products and services, (4) more than one time after the person requested that Sunpro stop calling.

37. Reagins reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

38. The members of the proposed classes are so numerous that joinder of all members is impracticable. Reagins reasonably believes that hundreds or thousands of people have been harmed by Sunpro's actions. The names and phone numbers of the members of the proposed class are readily identifiable through records available to Sunpro or those acting on its behalf.

39. Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

40. On information and belief, Sunpro has called and continues to call people who have requested Sunpro to stop calling them, i.e., to be placed on Sunpro's internal do not call list. It is reasonable to expect that Sunpro will continue to make such calls absent this lawsuit.

41. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

    a. Whether Sunpro placed calls to Reagins and the putative class members after they requested Sunpro no longer call them;

    b.    Whether Sunpro's conduct violates 47 U.S.C. § 227(c);

    c.    Whether Sunpro's conduct violates the rules and regulations implementing the TCPA; and,

    d.    Whether Reagins and the putative class members are entitled to increased damages for each violation based on the willfulness of Sunpro's conduct.

42. Reagins's claims are typical of the claims of the proposed class members because his claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

43. Reagins and his counsel will fairly and adequately protect the interests of the members of the proposed class. Reagins's interests do not conflict with the interests of the proposed class he seeks to represent. Reagins has retained lawyers who are competent and experienced in class action, TCPA litigation and consumer law.

44. Reagins's counsel will vigorously litigate this case as a class action, and Reagins and his counsel are aware of their responsibilities to the putative members of the class and will discharge those duties.

45. A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

46. In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

47. Questions of law and fact, particularly the propriety of calling phone numbers of persons who requested that Sunpro no longer call them, i.e., to place them on Sunpro's internal do not call list, predominate over questions affecting only individual members.

48. Sunpro has acted or refused to act on grounds that apply generally to the class, making final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

### Count I - Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

49. Reagins incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

50. The TCPA provides that "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may recover $500 for each violation, and up to $1,500 for each violation, if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

51. The regulations prescribed under Section 227(c) require companies like Sunpro, who engage in telemarketing to institute "procedures for maintaining a list of persons who request not to receive telemarketing calls on or behalf of that person or entity." *See* 47 C.F.R. § 64.1200(d).

52. These procedures must meet several minimum standards, including, but not limited to:

> **(1) *Written policy.*** Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

> **(2) *Training of personnel engaged in telemarketing.*** Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> **(3) *Recording, disclosure of do-not-call requests.*** If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.
>
> **(4) *Identification of sellers and telemarketers.*** A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.
>
> **(5) *Affiliated persons or entities.*** In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.
>
> **(6) *Maintenance of do-not-call lists.*** A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

*See* 47 C.F.R. § 64.1200(d)(1)-(6).

      53.    Sunpro failed to implement these minimum standards by repeatedly calling Reagins and the putative class members after said persons requested that Sunpro stop calling them.

      54.    In addition, the TCPA allows the Court to enjoin Sunpro's violations of the TCPA's

9

regulations prohibiting calls to phone numbers that should have been placed on Sunpro's internal do not call list. *See* 47 U.S.C. §§ 227(c)(5)(A).

55. By making calls to the phones of Reagins and the putative class members after their numbers should have been placed on Sunpro's internal do not call list, Sunpro violated the TCPA, including, but not limited to, 47 U.S.C. §§ 227(c) and the TCPA's corresponding regulations.

56. Sunpro knew or should have known that Reagins and the putative class members did not wish to be called as such persons advised Sunpro that they did not wish to receive calls from Sunpro Solar.

57. Reagins and the putative class members are entitled to damages of $500.00 per violation for each call made by Sunpro and up to $1,500.00 per violation if the Court finds that Sunpro Solar willfully violated the TCPA.

## Demand for Judgment

WHEREFORE Plaintiff Billy Reagins, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant Marc Jones Construction, LLC d/b/a Sunpro Solar pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying this action as a class action and appointing Reagins as the class representative;

b. Enter an order appointing Butsch Roberts & Associates LLC as counsel for the class;

c. Enter judgment in favor of Reagins and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if Sunpro willfully violated the TCPA;

d. Enter a judgment in favor of Reagins and the putative class that enjoins Sunpro

from violating the TCPA's regulations prohibiting Sunpro Solar from calling numbers that it has been requested to stop calling;

  e. Award Reagins and the class all expenses of this action, and requiring Sunpro to pay the costs and expenses of class notice and administration; and,

  f. Award Reagins and the class such further and other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Billy Reagins demands a jury trial in this case.

**BUTSCH ROBERTS & ASSOCIATES LLC**

/s/ Christopher E. Roberts
Christopher E. Roberts (SDTX # 370819)
231 S. Bemiston Avenue, Suite 260
Clayton, Missouri 63105
Phone: (314) 863-5700
Fax: (314) 863-5711
CRoberts@butschroberts.com